UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                                )
**MOHAMMAD MUSTAFA SOHAIL**,             )
    *Petitioner/Plaintiff,*                            )
                                                                )
v.                                                           ) Civil Action No. 05-cv-00993 (RMU)
                                                                )
**GEORGE W. BUSH, et al.,**                      )
    *Respondents/Defendants.*                    )
                                                                )
_____)

**AMENDED PROTECTIVE ORDER AND PROCEDURES FOR COUNSEL ACCESS
TO DETAINEES AT THE UNITED STATES NAVAL BASE
IN GUANTANAMO BAY, CUBA**

This matter comes before the Court upon Respondents' Motion for Protective Order to prevent the unauthorized disclosure or dissemination of classified national security information and other protected information that may be reviewed by, made available to, or are otherwise in the possession of, the petitioners and/or petitioners' counsel in these coordinated cases. Pursuant to the general supervisory authority of the Court, in order to protect the national security, and for good cause shown,

    IT IS ORDERED:

    1. The Court finds that these cases involve classified national security information or documents, the storage, handling and control of which require special security precautions, and access to which requires a security clearance and a "need to know". These cases may also involve other protected information or documents, the storage, handling and control of which may require special precautions in order to protect the security of United States Government personnel and facilities, and other significant government interests.

2. The purpose of this Protective Order is to establish the procedures that must be followed by all petitioners' counsel, their respective petitioner(s), all other counsel involved in these cases, translators for the parties, and all other individuals who receive access to classified national security information or documents, or other protected information or documents, in connection with these cases, including the privilege team as defined in Exhibit A.

3. The procedures set forth in this Protective Order will apply to all aspects of these cases, and may be modified by further order of the Court *sua sponte* or upon application by any party. The Court will retain continuing jurisdiction to enforce or modify the terms of this Order.

4. Nothing in this Order is intended to or does preclude the use of classified information by the government as otherwise authorized by law outside of these actions.

5. Petitioners' counsel shall be responsible for advising their employees, the petitioners, and others of the contents of this Protective Order, as appropriate or needed.

6. Petitioners' counsel are bound by the terms and conditions set forth in the "Revised Procedures For Counsel Access to Detainees At the U.S. Naval Base In Guantanamo Bay, Cuba," and the procedures for handling mail and documents brought into and out of counsel meetings, attached hereto as Exhibit A. This Protective Order specifically incorporates by reference all terms and conditions established in the procedures contained in Exhibit A to the extent they place limitations on petitioners' counsel in their access to and interaction with petitioners or handling of information. Any violation of the terms and conditions of those procedures will also be deemed a violation of This Protective Order. This paragraph does not apply with respect to provisions in the procedures contained in Exhibit A that are or have been overridden by the Court.

7. The privilege team shall not disclose to any person any information provided by counsel for a petitioner or by a petitioner, other than information provided in a filing with the Court, unless such information, if it were monitored information, could be disclosed under Section X of Exhibit A. Such disclosure shall be consistent with the provisions of Section X of Exhibit A.

Definitions

8. As used herein, the words "documents" or "information" shall include, but are not limited to, all written or printed matter of any kind, formal or informal, including originals, conforming copies and no-conforming copies (whether different from the original by reason of notation made on such copies or otherwise), and further include, but are not limited to:

    a. papers, correspondence, memoranda, notes, letters, reports, summaries, photographs, maps, charts, graphs, interoffice and intra-office communications, notations of any telegrams, telefacsimiles, invoices, worksheets, and drafts, alterations, modifications, changes and amendments of any kind to the foregoing;

    b. graphic or oral records or representations of any kind, including, but not limited to, photographs, charts, graphs, microfiche, microfilm, videotapes, sound recordings of any kind, and motion pictures;

    c. electronic, mechanical or electric records of any kind, including but not limited to tapes, cassettes, disks, recordings, electronic mail, films, typewriter ribbons, word processing storage; and

    d. information acquired orally.

9. The terms "classified national security information and/or documents," "classified information" and "classified documents" refer to:

a. any classified document or information that has been classified by any Executive Branch agency in the interests of national security or pursuant to Executive Order, including Executive Order 12958, as amended, or its predecessor Orders as "CONFIDENTIAL," "SECRET", OR "TOP SECRET", or additionally controlled as "SENSITIVE COMPARTMENTED INFORMATION (SCI)," or any classified information contained in such document;

b. any document or information, regardless of its physical form or characteristics, now or formerly in the possession of a private party that has been derived from United States government information that was classified, regardless of whether such document or information has subsequently been classified by the government pursuant to Executive Order, including Executive Order 12958, as amended, or its predecessor Orders as "CONFIDENTIAL," "SECRET", OR "TOP SECRET," or additionally controlled as "SENSITIVE COMPARTMENTED INFORMATION (SCI)";

c. verbal or non-documentary classified information known to the petitioner or petitioners' counsel; or

d. any document and information as to which the petitioner or petitioners' counsel have been notified orally or in writing that such documents or information contains classified information.

10. All classified documents, and information contained therein, shall remain classified unless the documents bear a clear indication that they have been declassified by the agency or

department that is the original classification authority of the document or the information contained therein (hereinafter, the "original classification authority").

11. The terms "protected information and/or documents," "protected information" and "protected documents" refer to any document or information deemed by the Court, either upon application by counsel or *sua sponte*, as worthy of special treatment as if the document or information were classified, even if the document or information has not been formally deemed to be classified.

12. For purposes of this Protective Order, "petitioners' counsel" shall be defined to include an attorney who is employed or retained by or on behalf of a petitioner for purposes of representing the petitioner in habeas corpus or other litigation in federal court in the United States, as well as co-counsel, interpreters, translators, paralegals, investigators and all other personnel or support staff employed or engaged to assist in the litigation.

13. "Access to classified information" or "access to protected information" shall mean having access to, reviewing, reading, learning or otherwise coming to know if any manner any classified information or protected information.

14. "Secure area" shall mean a physical facility accredited or approved for the storage, handling, and control of classified information.

15. "Unauthorized disclosure of classified information" shall mean any knowing, willful or negligent action that could reasonably be expected to result in a communication or physical transfer of classified information to an unauthorized recipient.

Designation of Court Security Officer

16. The Court designates Christine E. Gunning as Court Security Officer for these cases, and Joan B. Kendrall, Michael P. Macisso, James P. Londergan, Mary M. Cradlin, Daniel O. Hartenstine, John P. Molinard, Jennifer Campbell, and Barbara J. Russell as Alternate Court Security Officers, for the purpose of providing security arrangements necessary to protect from unauthorized disclosure of any classified documents or information, or protected documents or information, to be made available in connection with these cases. Petitioners' counsel shall seek guidance from the Court Security Officer with regard to appropriate storage, handling, transmittal, and use of classified documents or information.

Access to Classified Information and Documents

17. Without authorization from the government, no petitioner or petitioners' counsel shall have access to any classified information involved in these cases unless that person shall first have:

    a. made a written submission to the Court Security Officer precisely stating the reasons why counsel has a need to know the classified information requested; and

    b. received the necessary security clearance as determined by the Department of Justice Security Officer; and

    c. signed the Memorandum of Understanding ("MOU"), attached hereto as Exhibit B, agreeing to comply with the terms of this Protective Order.

The written submissions that are made by counsel to the Court Security Officer stating the reasons why counsel has a need to know the classified information requested shall be kept

confidential by the Court Security Officer and shall not be disclosed to any other counsel or party to these cases unless the Court specifically orders such disclosure.

18. Petitioners' counsel to be provided access to classified information shall execute the MOU appended to this Protective Order, and shall file executed originals with the Court and submit copies tot he Court Security Officer and counsel for the government. The execution and submission of the MOU is a condition precedent for petitioners' counsel to have access to, or continued access to, classified information for the purposes of this proceeding.

19. The substitution, departure, or removal of petitioners' counsel from these cases for any reason shall not release that person from the provisions of this Protective Order of the MOU executed in connection with this Order.

20. The government shall arrange for one approximately approved secure area for the use of petitioners' counsel. The secure area shall contain a working area that will be supplied with secure office equipment reasonable and necessary to the preparation of the petitioners' case. Expenses for the secure area and its equipment shall be borne by the goverment.

21. The Court Security Officer shall establish procedures to ensure that the secure area is accessible to the petitioners' counsel during normal business hours and at other times on reasonable request as approved by the Court Security Officer. The Court Security Officer shall establish procedures to ensure that the secure area may be maintained and operated in the most efficient manner consistent with the protection of classified information. The Court Security Officer or Court Security Officer designee may place reasonable and necessary restrictions on the schedule of use of the secure area in order to accommodate appropriate access to all petitioners' counsel in this and other proceedings.

22. All classified information provided by the government to counsel for petitioners, and all classified information otherwise possessed or maintained by petitioners' counsel, shall be stored, maintained, and used only in the secure area.

23. No documents containing classified information may be removed from the secure area unless authorized by the Court Security Officer or Court Security Officer designee supervising the area.

24. Consistent with other provisions of this Protective Order, petitioners' counsel shall have access to the classified information made available to them in the secure area, and shall be allowed to take notes and prepare documents with respect to those materials.

25. Petitioners' counsel shall not copy or reproduce any classified information in any form, except with the approval of the Court Security Officer or in accordance with the procedures established by the Court Security Officer for the operation of the secure area.

26. All documents prepared by petitioners or petitioners' counsel that do or may contain classified information (including without limitation, notes taken or memoranda prepared by counsel and pleadings or other documents intended for filing with the Court) shall be transcribed, recorded, typed, duplicated, copied, or otherwise prepared only by persons who have received an appropriate approval for access to classified information. Such activities shall take place in the secure area on approved work processing equipment and in accordance with the procedures approved by the Court Security Officer. All such documents and any associated materials containing classified information (such as notes, memoranda, drafts, copies, typewriter ribbons, magnetic recordings, exhibits) shall be maintained in the secure area unless and until the Court Security Officer advises that those documents or associated materials are unclassified in their

entirety. None of these materials shall be disclosed to counsel for the government unless authorized by the Court, by petitioners' counsel or as otherwise provided in this Protective Order.

27. Petitioners' counsel shall discuss classified information only within the secure area or in another area authorized by the Court Security Officer, shall not discuss classified information over any standard commercial telephone instrument or office intercommunication system, and shall not transmit or discuss classified information in electronic mail communications of any kind.

28. The Court Security Officer or Court Security Officer designee shall not reveal to any person the content of any conversations she or he may hear by or among petitioners' counsel, nor reveal the nature of documents being reviewed by them, or the work generated by them, except as necessary to report violations of this Protective Order to the Court or to carry out their duties pursuant to this Order. In addition, the presence of the Court Security Officer or Court Security Officer designee shall not operate as a waiver of, limit, or otherwise render inapplicable, the attorney-client privilege or work product protections.

29. Petitioners' counsel shall not disclose the contents of any classified documents or information to any person, including counsel in related cases brought by Guantanano Bay detainees in this or other courts, except those authorized pursuant to this Protective Order, the Court, and counsel for the government with the appropriate clearances and the need to know that information. Except as otherwise specifically provided by Judges Colleen Kollar-Kotelly in her well-reasoned opinion addressing counsel access procedures regarding petitioners Mohammed Ahmed at Kandari, Fawzi Khalid Abdullah Fahad al Odah, and Khalid Abdullah Mishal al Mutairi in Al Odah v. United States, 02-CV-0828 (CKK), counsel for petitioners in these cases

are presumed to have a "need to know" information both in their own cases and in related cases pending before this Court. Therefore, and except as provided with respect tot he three petitioners in Al Odah mentioned above, counsel for all petitioners in these cases who have satisifed all necessary prerequisites and follow all procedures set forth herein may share and discuss among themselves classified information to the extent necessary for the effective representation of their clients. Counsel for respondents may challenge the "need to know" presumption on a case-by-case basis for good cause shown.

30. Petitioners' counsel shall not disclose classified information not provided by petitioner-detainee to that petitioner-detainee. Should petitioners' counsel desire to disclose classified information not provided by petitioner-detainee to that petitioner-detainee, petitioners' counsel will provide in writing to the privilege review team (See Exhibit A) a request for release clearly stating the classified information they seek to release. The privilege review team will forward the petitioner counsel's request to the appropriate government agency authorized to declassify the classified information for a determination. The privilege review team will inform petitioners' counsel of the determination once it is made.

31. No petitioner or counsel for petitioner shall disclose or cause to be disclosed any information known or believed to be classified in connection with any hearing or proceeding in these cases except as otherwise provided herein.

32. Except as otherwise stated in this paragraph and to ensure the security of the United States of America, at no time, including any period subsequent to the conclusion of the proceedings, shall petitioners' counsel make any public or private statements disclosing any classified information or documents accessed pursuant to this Protective Order, including the fact

that any such information or documents are classified. In the event that classified information enters the public domain, however, counsel is not precluded from making private or public statements about the information already in the public domain, but only to the extent that the information is in fact in the public domain. Counsel may not make any public or private statements revealing personal knowledge from non-public sources regarding the classified or protected status of the information or disclosing that counsel had personal access to classified or protected information confirming, contradicting, or otherwise relating to the information already in the public domain. In an abundance of caution and to help ensure clarity on this matter, the Court emphasizes that counsel shall not be the source of any classified or protected information entering the public domain.

As stated in more detail in paragraph 49 below, failure to comply with these rules may result in the revocation of counsel's security clearance as well as civil and/or criminal liability.

33. The foregoing shall not prohibit petitioners' counsel from citing or repeating information in the public domain that petitioners' counsel does not know to be classified information or a classified document, or derived from classified information or a classified document.

34. All documents containing classified information prepared, possessed or maintained by, or provided to, petitioners' counsel (except filings submitted to the Court and served on counsel for the government), shall remain at all times in the control of the Court Security Officer for the duration of these cases. Upon final resolution of these cases, including all appeals, all such documents shall be destroyed by the Court Security Officer.

Access to Protected Information and Documents

35. Without authorization from the government or the Court, protected information shall not be disclosed or distributed to any person or entity other than the following:

    a. petitioners' counsel, provided such individuals have signed the Acknowledgment, attached hereto as Exhibit C, attesting to the fact that they have read this Protective Order and agree to be bound by its terms; and

    b. the Court and its support personnel.

36. The execution of the Acknowledgment is a condition precedent for petitioners' counsel to have access to, or continued access to, protected information for the purposes of this proceeding. A copy of each executed Acknowledgment shall be kept by counsel making the disclosure until thirty (30) days after the termination of this action, including appeals.

37. The substitution, departure, or removal of petitioners' counsel from these cases for any reason shall not release that person from the provisions of this Protective Order or the Acknowledgment executed in connection with this Protective Order.

38. Petitioners' counsel shall not disclose the contents of any protected documents or information to any person, to include counsel in related cases brought by Guantanamo Bay detainees in this or other courts, except those authorized pursuant to this Protective Order, the Court, or counsel for the government. Except as otherwise specifically provided by Judge Colleen Kollar-Kotelly with respect to counsel for petitioners Mohammed Ahmed al Kandari, Fawzi Khalid Abdullah Fahad al Odah, and Khalid Abdullah Mishal al Mutairi in <u>Al Odah v. United States</u>, 02-CV-0828 (CKK), counsel for petitioners in these coordinated cases may share protected information with each other but only to the extent that counsel have appropriate

security clearances and that all other procedures set forth in this Protective Order are complied with. Petitioners' counsel shall maintain all protected information and documents received through this proceeding in a confidential manner.

39. Petitioners' counsel shall not disclose protected information not provided by petitioner-detainee to that petitioner-detainee without prior concurrence of counsel for the government or express permission of the Court.

40. No petitioner or counsel for petitioner shall disclose or cause to be disclosed any information known or believed to be protected in connection with any hearing or proceeding in these cases except as otherwise provided herein.

41. At no time, including any period subsequent to the conclusion of the proceedings, will petitioners' counsel make any public or private statements disclosing any protected information or documents accessed pursuant to this Protective Order, including the fact that any such information or documents are protected.

42. Protected information shall be used only for purposes directly related to these cases and not for any other litigation or proceeding, except by leave of the Court. Photocopies of documents containing such information shall be made only to the extent necessary to facilitate the permitted use hereunder.

43. Nothing in this Protective Order shall prevent the government from using for any purpose protected information it provides a party. Nothing in this Protective Order shall entitle another party to protected information.

44. Supplying protected information to another party does not waive privilege with respect to any person or use outside that permitted by this Protective Order.

45. Within sixty (60) days of the resolution of these actions, and the termination of any appeals therefrom, all protected documents or information, and any copies thereof, shall be promptly destroyed, provided that the party to whom protected information is disclosed certifies in writing that all designated documents and materials have been destroyed, and further provided that counsel for the government may retain one complete set of any such materials that were presented in any form to the Court. Any such retained materials shall be placed in an envelope or envelopes marked "Protected Information Subject to Protective Order". In any subsequent or collateral proceeding, a party may seek discovery of such materials from the government, without prejudice to the government's right to oppose such discovery or its ability to dispose of the materials pursuant to its general document retention policies.

Procedures for Filing Documents

46. Until further order of this Court, any pleadings or other document filed by a petitioner shall be filed under seal with the Court through the Court Security Officer unless the petitioner has obtained from the Court Security Officer permission, specific to a particular, non-substantive pleading or document (e.g., motions for extension of time, continuances, scheduling matters, etc.) not containing information that is nor may be classified or protected, to file the pleading or document not under seal. The date and time of physical submission to the Court Security Officer shall be considered the date and time of filing with the Court. The Court Security Officer shall promptly examine the pleading or document and forward it to the appropriate agencies for their determination whether the pleading or document contains classified information. If it is determined that the pleading or document contains classified information, the Court Security Officer shall ensure that portion of the document, and only that portion, is

marked with the appropriate classification marking and that the document remains under seal. If it is determined that the pleading or document contains protected information, the Court Security Officer shall ensure that portion of the document, and only that portion, remains under seal. Any document filed by petitioner that is determined not to contain classified information or protected information, and is not subject to any other restrictions on disclosure, shall immediately be unsealed by the Court Security Officer and placed in the public record. The Court Security Officer shall immediately deliver under seal to the Court and counsel for the government any pleading or document to be filed by petitioners that contains classified information or protected information. The Court shall then direct the clerk to enter on the docket sheet the title of the pleading or document, the date it was filed, and the fact that it has been filed under seal with the Court Security Officer.

47. Any pleading or other document filed by the government containing classified information shall be filed under seal with the Court through the Court Security Officer. The date and time of physical submission to the Court Security Officer shall be considered the date and time of filing with the Court. The Court Security Officer shall serve a copy of any classified pleadings by the government upon the Petitioner at the secure facility.

48. Nothing herein shall require the government to disclose classified or protected information. Nor shall anything herein prohibit the government from submitting classified information or protected information to the Court *in camera* or *ex parte* in these proceedings, or entitle petitioners or petitioners' counsel access to such submissions or information. Except for good cause shown in the filing, the government shall provide counsel for the petitioner or petitioners with notice served on such counsel on the date of the filing.

Penalties for Unauthorized Disclosure

49. Any unauthorized disclosure of classified information may constitute violations of United States criminal laws. In addition, any violation of the terms of this Protective Order shall be immediately brought to the attention of the Court and may result in a charge of contempt of Court and possible referral for criminal prosecution. See e.g., Executive Order 12958, as amended. Any breach of this Protective Order may also result in the termination of access to classified information and protected information. Persons subject to this Protective Order are advised that direct or indirect unauthorized disclosure, retention, or negligent handling of classified documents or information could cause damage to the national security of the United States or may be used to the advantage of an adversary of the United States or against the interests of the United States. Persons subject to this Protective Order are also advised that the direct or indirect unauthorized disclosure, retention, or negligent handling of protected documents or information could risk the security of the United States government personnel and facilities, and other significant government interests. This Protective Order is to ensure that those authorized to receive classified information and protected information will not divulge this information to anyone who is not authorized to receive it, without prior written authorization form the original classification authority and in conformity with this Protective Order.

50. The termination of these proceedings shall not relieve any person or party provided classified information or protected information of his, her, or its obligations under this Protective Order.

IT IS SO ORDERED.

Dated: _____                    _____
                                          Magistrate Judge Alan Kay
                                          United States District Court