IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **MOHAMMAD MUSTAFA SOHAIL,** | ) | |
| *Petitioner,* | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | Civil Action No. 05-cv-00993 (RMU) |
| **GEORGE W. BUSH,** *et al.,* | ) | |
| *Respondents.* | ) | |
| | ) | |

## MOTION FOR STAY-AND-ABEY ORDER

Petitioner respectfully requests that this Court, in the interest of justice, (1) stay the dismissal of this habeas action for want of jurisdiction pending Petitioner's exhaustion of his remedies in the Court of Appeals under the Detainee Treatment Act of 2005, Pub. L. No. 109-148, 119 Stat. 2680 ("DTA"), and (2) hold this action in abeyance pending Petitioner's exhaustion of those remedies and the filing in the Supreme Court of a renewed petition for certiorari to review the Court of Appeals' jurisdictional holding in *Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir. 2007) ("*Boumediene I*"), or the Supreme Court's resolution of the same jurisdictional issue as presented in a pending petition for certiorari before judgment in *Hamdan v. Rumsfeld*, No. 06-1169, and an original habeas petition in *In re Ali*, No. 06-1194.  The government opposes this motion.

The Court of Appeals has not issued its mandate in *Boumediene I*.  The *Boumediene* petitioners have asked the Court to stay the issuance of its mandate pending the completion of DTA proceedings and the filing of a renewed petition for certiorari to review the Court's jurisdictional ruling in *Boumediene I*.  The Court has not yet acted on

the motion. This case is presently before the D.C. Circuit on an interlocutory appeal and the government has moved to dismiss in that case. Petitioner has not yet filed opposition to the government's motions to dismiss, but when he does, he will ask the D.C. Circuit to reject dismissal and allow this case to be stayed and held in abeyance.

"District courts . . . ordinarily have authority to issue stays, *see Landis v. North American Co.*, 299 U.S. 248, 254 (1936), where such a stay would be a proper exercise of discretion, *see Clinton v. Jones*, 520 U.S. 681, 706 (1997)." *Rhines v. Weber*, 544 U.S. 269, 276 (2005). In appropriate circumstances, a district court may stay a federal habeas action pending the petitioner's exhaustion of state-court remedies for unexhausted claims. *Id.* at 277-78. The considerations that make a stay-and-abey appropriate in that setting also support a stay-and-abey here.

On February 20, 2007, a divided panel of the Court of Appeals ruled that the Military Commissions Act of 2006 ("MCA"), Pub. L. No. 109-366, 120 Stat. 2600, had stripped the federal courts of jurisdiction over habeas actions, such as this, brought by foreign nationals held at Guantánamo. *Boumediene I*, 476 F.3d at 988. Judge Robertson anticipated the Court of Appeals' jurisdictional ruling in *Hamdan v. Rumsfeld*, Civil Action No. 04-1519 (JR) (D.D.C. Dec. 13, 2006).

On March 5, 2007, the *Boumediene* petitioners filed a certiorari petition in the Supreme Court; on April 2, 2007, the Court denied the petition. Three Justices dissented from the denial of the petition. *See Boumediene v. Bush*, Nos. 06-1195 & 06-1196, 2007 WL 957363 (U.S. Apr. 2, 2007) ("*Boumediene II*"), stating that the jurisdictional and

constitutional questions raised by the petitioners "deserve this Court's immediate attention." *Id*. at *1 (Breyer, J., joined by Souter & Ginsburg, J.J., dissenting). Two other Justices stated that, despite "the obvious importance of the issues raised in these cases," it was "appropriate to deny these petitions *at this time*" in order to require the petitioners to exhaust their DTA remedies. *Id*. (statement of Stevens and Kennedy, J.J., respecting the denial of certiorari) (emphasis added).

Five Justices have thus at least made clear that, upon the petitioners' exhaustion of their DTA remedies, the Supreme Court will give serious consideration to a renewed certiorari petition seeking review of this Court's decision in *Boumediene I*. A majority of the Court, in other words, has left open the possibility that the Court of Appeals' holding might be held erroneous and that it might therefore be appropriate to allow the habeas actions of the petitioners and those similarly situated to proceed in the district courts at some later date.

Indeed, two petitions are pending the Supreme Court that bear directly on the MCA jurisdictional holding of the Court of Appeals. First is a petition for certiorari before judgment in *Hamdan v. Rumsfeld*, No. 06-1169, seeking review of Judge Robertson's ruling on the MCA jurisdictional issue. *Hamdan* filed his reply brief in support of certiorari on April 10, 2007. Under the Court's posted schedule, the *Hamdan* papers presumably will be distributed for consideration at the Court's Conference on April 27, 2007.

3

Second is an original habeas petition in *In re Ali*, No. 06-1194, which directly challenges the MCA jurisdictional holding of the Court of Appeals. The Supreme Court considered the *Ali* petition sufficiently serious that it directed the government to respond to the petition. The government's response was due on April 16, 2007. Under the Court's posted schedule, the *Hamdan* papers presumably will be distributed for consideration at the Court's Conference on May 10, 2007.

Under these circumstances, it would be premature for this Court to dismiss Petitioner's case for lack of jurisdiction. Rather, this Court should stay this action pending (1) timely filing of Petitioners of DTA petitions and (2) resolution of timely, renewed petitions for certiorari in the Supreme Court challenging the Court of Appeals' jurisdictional holding in *Boumediene I*, or resolution of the jurisdictional issue in *Hamdan* or *Ali*.

This course of action will work no prejudice on Respondents. It will, however, save Petitioner the uncertainty accompanying attempts to "resurrect" dismissed habeas claims following exhaustion of his DTA remedies. Petitioner is concerned, for example, that if his habeas petition is dismissed, Respondents will argue in later court hearings that Peitioner may seek review only of the Court of Appeals' DTA determinations. The DTA, by its own text, allows challenges only to specified aspects of final decisions of the Combatant Status Review Tribunals ("CSRTs"). Under these circumstances, the most economical and efficient way to proceed is for this Court to stay rather than dismiss this action. The Court should do so purely as a precaution. *See Boumediene*, 2007 WL

4

957363, at *1 (statement of Stevens, J., joined by Kennedy, J., respecting denial of certiorari) ("Were the Government to take additional steps to prejudice the position of petitioners in seeking review in this Court, 'courts of competent jurisdiction,' including this Court, 'should act promptly to ensure that the office and purposes of the writ of habeas corpus are not compromised.'") (citation omitted).

It is immaterial that the court held in *Boumediene I* that the federal courts no longer retain jurisdiction over habeas actions such as this. The correctness of that jurisdictional holding is still in dispute and jurisdiction remains a live issue that will be resolved with finality only if the Supreme Court decides the issue in *Hamdan* or *Ali*, or after Petitioner has exhausted his DTA remedies and the Supreme Court has disposed of Petitioner's renewed certiorari petition challenging the Court of Appeals' MCA jurisdictional holding. It is fundamental, of course, that the courts have jurisdiction to determine their own jurisdiction. *See Kircher v. Putnam Funds Trust*, 126 S.Ct. 2145, 2155 (2006) (a court's "adjudicatory power is simply its authority to determine its own jurisdiction to deal further with the case"); *Ex parte Milligan*, 71 U.S. 118, 131 (1866) ("The writ issues as a matter of course; and on the return made to it the court decides whether the party applying is denied the right of proceeding any further with it.").

Staying this action to allow Petitioner to exhaust his DTA claims in the Court of Appeals and then seek review of that Court's *Boudediene I* jurisdictional holding is also consistent with Supreme Court directives concerning the proper course of action by a federal court when presented with unexhausted habeas petitions brought pursuant to 28

5

U.S.C. § 2254.  As mentioned, where a habeas petitioner has failed to exhaust all available remedies in state court, the federal court retains discretion to keep jurisdiction over the pending habeas petition, staying the action and allowing exhaustion of remedies in the state courts rather than dismissing it.  *See Rhines*, 544 U.S. at 277.  Indeed, the Supreme Court has indicated that it would be an abuse of discretion to dismiss a petition if the "petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that [the petitioner] engaged in intentionally dilatory litigation tactics."  *Id.*; *accord Pace v. DiGuglielmo*, 544 U.S. 408, 416-17 (2005); *see also Duncan v. Walker*, 533 U.S. 167, 182 (2001) (Stevens, J., joined by Souter, J., concurring in part and concurring in the judgment) (stating that "in our post-AEDPA world there is no reason why a district court should not retain jurisdiction over a meritorious [habeas] claim and stay further proceedings pending the complete exhaustion of state rememdies").

      The requested relief will aid Petitioner in receiving a speedy review of the constitutional issues presented in his habeas petition once his DTA claims are exhausted.  His habeas petition has been pending for two years and has yet to progress substantially.  Because there is a reasonable possibility that the Supreme Court will, in the not-distant future, find the jurisdictional holding in *Boumediene I* to be in error, ordering dismissal of these cases now might cause unnecessary additional delay that is contrary to the nature of habeas relief.  *See Carafas v. La Vallee*, 391 U.S. 234, 238 (1968) (habeas writ, "shaped to guarantee the most fundamental of all rights, is to provide an effective and speedy

instrument by which judicial inquiry may be had into the legality of the detention of a person").

The requested relief will also keep the Protective Order in place, at least until the Circuit Court of Appeals generates procedures to govern the DTA review.  If no Protective Order is in place, Petitioner's Counsel's ability to visit Petitioner – at a scheduled visit in June would be jeopardized.  Moreover, counsel's access to classified documents necessary for the DTA filing could be jeopardized as well.

## CONCLUSION

For the foregoing reasons, this Court should stay this action pending Petitioner's exhaustion of his DTA remedies in the Court of Appeals and resolution by the Supreme Court of the MCA jurisdictional issue in *Hamdan* or *Ali,* or resolution by the Supreme Court of a renewed petition for certiorari seeking review of *Boumediene I.*

Dated:      April 17, 2007

        Respectfully submitted,

        *s/ Katherine M. Menendez*
        _____
        SCOTT F. TILSEN, OSB #11005X
        Senior Assistant Defender

        KATHERINE M. MENENDEZ, OSB #278014
        Assistant Defender

        Office of the Federal Defender
        District of Minnesota
        107 U.S. Courthouse
        300 South Fourth Street
        Minneapolis, MN 55415
        612-664-5858 Telephone
        612-664-5850 Facsimile

        *Counsel for Petitioner*