IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MOHAMMAD MUSTAFA SOHAIL,**      )<br>*Petitioner,*                        )<br>                                   )   Civil Action No. 05-cv-00993 (RMU)<br>v.                                 )<br>                                   )<br>                                   )<br>**GEORGE W. BUSH,** *et al.,*        )<br>*Respondents.*                     )<br>                                   ) | |

MOTION TO RECONSIDER AND VACATE
ORDER OF SEPTEMBER 20, 2007 DISMISSING CASE

Petitioner respectfully asks the Court to reconsider and vacate its Order dated September 20, 2007, dismissing this case for lack of jurisdiction based on the D.C. Circuit's decision in *Boumedine v. Bush*, 476 F.3d 981 (D.C. Cir. 2007), *cert. granted*, 127 S.Ct. 3078 (2007).

1. The D.C. Circuit has made clear that this Court should *not* dismiss Guantanamo habeas cases pending the Supreme Court's decision of *Boumediene*. Moreover, as discussed below, the pendency of an appeal in this case deprives this Court of jurisdiction to dismiss this case.

a. On April 2, 2007, the Supreme Court denied certiorari in *Boumediene*. On June 29, 2007, however, the Court reversed itself and granted certiorari. The D.C. Circuit, which had issued the mandate in *Boumediene* on June 27, 2007, recalled the

mandate on July 26, 2007.[1] The effect of the recall of the mandate was to divest this Court of jurisdiction to dismiss those cases and to leave in place the protective order and counsel access rules that govern Guantanamo habeas cases, as well as related orders, such as orders requiring the government to provide counsel with advance notice of any intended transfer of a prisoner from Guantanamo.[2]

    b. On August 9, 2007, the D.C. Circuit deferred consideration of the government's motions in *Abdah v. Bush*, No. 05-5224, et al., to dismiss 12 of the 16 cases, including this one, that this Court dismissed pending the Supreme Court's disposition of *Boumediene*. *Sohail v. Bush*, No. 05-cv-0993 (RMU), appeal pending, No. 05-5478 (D.C. Cir. ). The D.C. Circuit similarly deferred consideration of the government's motion to vacate orders entered by this Court in those cases requiring the government to provide counsel with advance notice of any intended transfer of petitioners from Guantanamo.

---

    [1] This memorandum refers to numerous orders, many by fellow judges of this Court and one by the D.C. Circuit Court of Appeals. All are available via PACER and ECF, and all are separately attached to identical filings in other pending habeas cases.

    [2] The day after this Court dismissed the cases, the government sent counsel in an email asserting that the Court's dismissal of these cases rendered inoperative the protective order and counsel access rules that govern these cases. See Email dated September 24, 2007, from Andrew Warden to Scott F. Tilsen and Katherine M. Menendez. (Ex. A). According to the Department's email, counsel may henceforth visit and communicate with petitioners only as permitted by the "jurisdictionally appropriate" – *i.e.*, more restrictive – protective order entered by the D.C. Circuit for cases brought under the Detainee Treatment Act of 2005. *Id.* (citing *see Bismullah v. Gates*, Nos. 06-1197, 06-1397, 2007 WL 20679838, at *15 (D.C. Cir. July 30, 2007)). It would be anomalous, to say the least, if petitioners in the above-captioned cases were required to live under a more restrictive regime for client access and communications than the petitioners in the vast majority of habeas cases that the D.C. Circuit and other district court judges have decided *not* to dismiss pending the Supreme Court's resolution of *Boumediene*.

Because the appeals in these cases are pending, this Court lacks jurisdiction to dismiss all but one, which the Court had already dismissed on the pre-*Boumediene* mandate of the D.C. Circuit. *See Defries*, 129 F.3d at 1302.

    2. At least ten other judges of this Court have denied or deferred government motions to dismiss pending the Supreme Court's disposition of *Boumediene*. See, e.g., *Taher v. Bush*, No. 06-cv-1684 (GK) (D.D.C. September 13, 2007) (Doc. 26); *Razakah v. Bush*, No. 05-cv-2370 (EGS) (D.D.C. August 17, 2007) (minute order); *Al Darby v. Bush*, 1:05-cv-02371-RCL (August 8, 2007) (Doc. 49); *Al Mohammed v. Bush*, No. 05-cv-0247 (HHK) (D.D.C. August 7, 2007) (Doc. 66); *Faraj v. Bush*, No. 05-cv-1490 (PLF) (D.D.C. July 27, 2007) (Doc. 66); *Maqaleh v. Gates*, No. 06-cv-1669 (JDB) (D.D.C. July 18, 2007) (Doc. 13) (Bagram prisoner); *Ameziane v. Bush*, No. 05-cv-0392 (ESH) (D.D.C. July 5, 2007) (minute order); *Zadran v. Bush*, No. 05-cv-2367 (RWR) (D.D.C. July 2, 2007) (minute order). Judge Collyer dismissed the habeas cases assigned to her but reinstated them on reconsideration, *e.g.*, *Aldul v. Bush*, No. 05-cv-2249 (RMC) (D.D.C. August 22, 2007) (Doc. 59); and Judge Alton has closed his cases administratively but has not dismissed them, *see Mohammon v. Bush*, et al., No. 05-cv-2386 (RBW). Judge Robertson dismissed his cases before the Supreme Court granted certiorari in *Boumediene* and the D.C. Circuit recalled its mandate; he is currently considering motions to reconsider.

3. In *Kiyemba*, Judge Urbina rejected the government's claim that the Court could not enforce the habeas protective order because the Detainee Treatment Act of 2005 had divested the Court of jurisdiction over Guantanamo habeas cases. Judge Urbina stated:

> The issue of this court's jurisdiction to entertain habeas petitions filed by Guantanamo detainees "is a disputed issue that was litigated and is currently under consideration by the United States Court of Appeals for the District of Columbia Circuit." *Adem v. Bush*, 2006 WL 1193853, at * 7 (D.D.C. April 28, 2006). As other judges on this court have ruled, "enforcing the terms of the protective order in this case does not pose the danger of exceeding the court's jurisdiction, even if it is ultimately determined that this court does not have jurisdiction to determine the merits of a petition for habeas corpus relief." *Id.* at *7-8

2006 WL 2255736, at *6-7 (D.D.C. August 7, 2006). It has not been "ultimately determined that this court does not have jurisdiction to determine the merits of a petition for habeas corpus relief." As Judge Urbina noted in *Kiyemba*, the government itself has conceded that the Court's jurisdiction over these cases will remain undecided until the Supreme Court decides it. 2006 WL 2255736, at *2 n.4.

For these reasons, the Court should reconsider and vacate its Order of September 20, 2007, dismissing this case.

September 26, 2007.                     Respectfully submitted,

<u>s/Katherine M. Menendez</u>
Katherine M. Menendez, OSB 278014
kate_menendez@fd.org
Office of the Federal Defender - Dist. of Minnesota
107 U.S.Courthouse, 300 South 4th Street
Minneapolis, MN 55415
Tel:   612-664-5858        Fax:   612-664-5850

<u>s/ Scott F. Tilsen</u>
Scott F. Tilsen, OSB 11005X
scott_tilsen@fd.org

Federal Public Defender - Eastern Dist. of Missouri
440 Broadway, P.O. Box 2043
Cape Girardeau, MO 63702
Tel:    573-339-0242        Fax:    573-339-0305

Attorneys for Petitioner