

"Warden, Andrew (CIV)" &lt;Andrew.Warden@usdoj.gov&gt;

09/24/2007 10:21 AM

To "Kate Menendez" &lt;Kate_Menendez@fd.org&gt;, "Scott Tilsen" &lt;Scott_Tilsen@fd.org&gt;

cc

bcc

Subject Sohail (05-CV-993)

History: This message has been replied to and forwarded.

Dear Counsel:

As you are aware, Judge Urbina's September 20, 2007 Order dismissed *Sohail v. Bush* (05-CV-993). In light of this development, counsel access (both legal mail and in-person visits) is no longer permitted under the terms of the now-dismissed district court counsel access regime. Accordingly, any further counsel access to petitioner will be governed by the protective order entered by the D.C. Circuit in the *Sohail* (07-1119) DTA case, and the Guantanamo Procedure Guide For Counsel Access In Detainee Treatment Act Cases (see attached). In order to continue access to petitioner, please sign the attached acknowledgment agreeing to comply with the Guantanamo Procedure Guide.

With respect to any legal mail that you may have sent petitioner pursuant to the district court counsel access regime since dismissal of the habeas case, the mail will held by the Privilege Team (or returned to you at your request) pending satisfaction of the above criteria for counsel access in the DTA litigation, unless the mail has already been processed by the Privilege Team. In the event the Privilege Team has conducted its contraband review of the incoming legal mail and forwarded it to Guantanamo for delivery, the mail will be delivered to petitioner consistent with the prior district court protective order regime. Similarly, the Privilege Team will hold at the secure facility any outgoing legal mail sent by petitioner to you, pending satisfaction of the above criteria for counsel access in the DTA litigation. Thus, the Privilege Team would not perform classification review of outgoing legal mail written by petitioner to you, nor would you be permitted to read such mail at the secure facility until you have agreed to comply with the Guantanamo Procedure Guide.

Please remember that certain requirements of the district court protective order, *i.e.*, requirements pertaining to the handling of classified and "protected" information appropriately, retain vitality beyond dismissal of the habeas case. See Protective Order, 344 F. Supp. 2d 174, ¶¶ 17, 35, 50, Exhibit B (for access to classified information, counsel required to sign Memorandum of Understanding that nondisclosure requirements survive litigation); Exhibit C (for access to protected information, counsel required to sign Acknowledgment that nondisclosure requirements survive litigation). Thank you in advance for your compliance in this regard.

Best regards,

Andrew I. Warden
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., NW, Room 6120
Washington, DC 20530

Tel: ▆▆▆▆▆▆   GTMO Procedure Guide_Final.pdf