IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

| | | |
|---|---|---|
| Al-Oshan v. Bush | ) | Case No. 05-CV-0520 (RMU) |
| Tumani v. Bush | ) | Case No. 05-CV-0526 (RMU) |
| Sohail v. Bush | ) | Case No. 05-CV-0993 (RMU) |
| Al Karim v. Bush | ) | Case No. 05-CV-0998 (RMU) |
| Al-Hela v. Bush | ) | Case No. 05-CV-1048 (RMU) |
| Zalita v. Bush | ) | Case No. 05-CV-1220 (RMU) |
| Hatim v. Bush | ) | Case No. 05-CV-1429 (RMU) |
| Kiyemba v. Bush | ) | Case No. 05-CV-1509 (RMU) |
| Rabbani v. Bush | ) | Case No. 05-CV-1607 (RMU) |
| Alkhemisi v. Bush | ) | Case No. 05-CV-1983 (RMU) |
| Al-Halmandy v. Bush | ) | Case No. 05-CV-2385 (RMU) |
| Al-Delebany v. Bush | ) | Case No. 05-CV-2477 (RMU) |
| Naseer v. Bush | ) | Case No. 06-CV-1689 (RMU) |
| Al-Zarnouqi v. Bush | ) | Case No. 06-CV-1767 (RMU) |

_____

**OPPOSITIONS TO MOTIONS FOR RECONSIDERATION**

**PRELIMINARY STATEMENT**

On April 19, 2007, respondents in these cases moved to dismiss on the basis of binding circuit caselaw under which this Court lacks jurisdiction over this proceeding. By decision issued on September 20, 2007, and judgment order entered the next day, the motion was granted

and these cases dismissed. Now petitioners seek to have these cases reinstated.[1] Most of what petitioners say has no bearing whatsoever on the question of whether this Court should undo its action in dismissing these cases. The balance of their argument is simply wrong.

As this Court recognized in issuing its ruling dismissing these cases, the Court of Appeals for this Circuit has ruled that cases such as these – petitions for writs of habeas corpus filed on behalf of Guantanamo Bay detainees – are outside the jurisdiction of this Court. *Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir. 2007), *cert. granted*, 127 S. Ct. 3078 (June 29, 2007). Although the Supreme Court has decided to review *Boumediene*, the rule announced in that case constitutes binding circuit precedent. *See, e.g., Maxwell v. Snow*, 409 F.3d 354, 358 (D.C. Cir. 2005) ("this Court is bound to follow circuit precedent until it is overruled either by an *en banc* court or the Supreme Court"). Therefore, this Court's decision to rule in accordance with that case was not erroneous. Having decided to resolve respondents' Motion to Dismiss, the Court had no choice but to rule as it did.

## ARGUMENT

1. Petitioners' motion does not directly take issue with the proposition that the decision in *Boumediene* binds this Court. The closest that the motion comes to suggesting that this Court actually does currently have jurisdiction over this case is to quote from an outdated 2006 opinion in *Kiyemba v. Bush*, C.A. No. 05-1509, in which this Court noted that the jurisdictional question had not yet been resolved by the Court of Appeals. Petitioners' citation to that decision for that proposition is misplaced.

---

[1] Curiously, petitioners in *Kiyemba v. Bush* did not file an opposition to respondents' Motion to Dismiss. The reconsideration motion filed in that case would seem to be subject to denial for that reason alone.

Although the jurisdictional issue had not yet been resolved by the D.C. Circuit in 2006 when the *Kiyemba* opinion was issued, that is no longer the case.[2] In *Boumediene*, that court announced its ruling on that very issue, which it resolved in favor of the government. In fact, that is the very reason that this Court gave for its decision to dismiss these cases. And although the Supreme Court has decided to review the Court of Appeals' decision – as this Court was aware when it decided to dismiss these cases on the strength of the D.C. Circuit's *Boumediene* decision, *see, e.g.*, Further Notice of Activity in Guantanamo Cases, filed on July 2, 2007, in *al Hela v. Bush,* 05-1048, Dkt. No. 98) – this Court was absolutely correct in recognizing that *Boumediene* remains binding law in this Circuit, unless and until such time as the Supreme Court might vacate or reverse that decision.[3]

    2. Rather than directly contesting this Court's manifestly correct understanding of the

---

[2] Petitioners' citation to the 2006 *Kiyemba* opinion of this Court is erroneous in another respect as well: the motion papers of many of the petitioners mischaracterize that decision as having constituted a recall of a mandate by the Court of Appeals.

[3] The *al Hela* and *Hatim* petitioners' citation to a recent decision by Judge Kessler in *Ruzathullah v. Gates*, Civ. No. 06-1707 for the proposition that *Boumediene* is not quite final in some sense should be seen as unavailing. Judge Kessler relied in this regard on the fact that the Court of Appeals withdrew its mandate in *Boumediene* and that the Supreme Court decided to review that decision. But those facts are irrelevant to the binding nature of the *Boumediene* decision as precedent in these cases as long as that decision remains on the books. *See Ayuda, Inc. v. Thornburgh*, 919 F.2d 153, 154 (D.C. Cir. 1990) (Henderson, J., concurring). And, the opinion in *Deering Milliken, Inc. v. FTC*, 647 F.2d 1124, 1129 (D.C. Cir. 1978), the case cited in the snippet of Judge Kessler's opinion quoted by petitioners in this connection, makes the following point: "It is well established that the District Court is without jurisdiction to alter a judgment of its own while an appeal therefrom is ongoing. But it is equally clear that the vitality of that judgment is undiminished by pendancy [sic] of the appeal." *Id*. at 1128-29. Thus, a Court of Appeals decision that has not been vacated or reversed by the court *en banc* or by the Supreme Court is binding precedentially; a district court judgment that has not been stayed is effective; and the absence of a mandate following an appellate decision could have an impact in the particular case in which the decision was issued, but does not diminish the obligation of the district court in the circuit in which it was issued to follow that decision.

law of this Circuit, petitioners[4] contend that the Court did not have jurisdiction to consider respondents' Motion to Dismiss in the first place, and that the Court of Appeals had instructed this Court not to rule on that motion in any event. Petitioners are wrong on both counts.

      a. Petitioners' argument concerning the Court's authority to consider the Motion to Dismiss starts from the unobjectionable proposition that the filing of a notice of appeal in a district court generally divests the district court of jurisdiction to consider the matter from which the appeal is taken. *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). Because an appeal was taken from an interlocutory order during the course of this litigation, petitioners would apply the *Griggs* rule out of context to mean that the Court cannot address the merits of these cases.

The rule discussed in *Griggs* "has several qualifications, however, perhaps the foremost of which is that an appeal taken from an interlocutory decision does not prevent the district court from finishing its work and rendering a final decision. This is so for appeals concerning preliminary injunctions." *Wisconsin Mut. Ins. Co. v. United States*, 441 F.3d 502, 504 (7th Cir. 2006). That qualification of the *Griggs* rule is well settled. *See, e.g., Webb v. GAF Corp.*, 78 F.3d 53, 55 (2d Cir.1996) (per curiam) (same); *New York State Nat'l Org. for Women v. Terry*, 886 F.2d 1339, 1350 (2d Cir.1989) (same); *Taylor v. Sterrett*, 640 F.2d 663, 668 (5th Cir. 1981) ("where an appeal is allowed from an interlocutory order, the district court may still proceed

---

[4] In several of these cases, petitioners do not argue that this Court lacks jurisdiction because of a pending appeal in those cases (presumably because they recognize that they cannot point to an appeal on which to base such an argument). Footnote 3 of the brief filed by several petitioners states that this Court dismissed one of those cases, *Zalita v. Bush*, 05-cv-1220, on April 25, 2007, upon receiving a mandate from the Court of Appeals. No such dismissal occurred. This case was dismissed along with the others, by means of the decision issued on September 20, 2007, and the judgment order entered the next day.

with matters not involved in the appeal. 9 Moore's Federal Practice, supra, at 3-54 (2d ed. 1980).").

The only appeals that were taken in these cases were interlocutory appeals from injunctive orders relating to planned or possible transfers of the detainees involved (and, in one case, to a stay).[5] They were not appeals from final judgments, or from any rulings on the merits of petitioners' claims. Therefore, petitioners can point to no notice of appeal that has divested this Court of jurisdiction to consider the dismissibility of these cases.

      b. According to petitioners, the Court of Appeals instructed this Court to refrain from dismissing these cases. Petitioners are wrong. The various orders that they cite in this connection do not say any such thing. The Court of Appeals has indicated that it would defer a decision as to how to proceed on certain appeals in Guantanamo Bay detainee cases until the Supreme Court rules in *Boumediene*. *See, e.g.*, *Abdah v. Bush*, No. 05-5224 (order entered on August 7, 2007, attached as Exhibit H to Motion to Reconsider and Vacate in *Rabbani v. Bush*, No. 05-1607). But it did not impose on this Court any particular approach to the docket-control question of whether to wait for a Supreme Court decision in *Boumediene* before ruling on respondents' Motion to Dismiss. As the Court of Appeals noted in its order of June 7, 2007 in *Al Ginco v. Bush*, No. 06-5191, attached as Exhibit B, "[t]he district court may consider in the first instance respondents' motion to dismiss."[6] Thus, petitioners' position that dismissal could not be

---

[5] *See* Chart attached as Exhibit A (listing relevant aspects of the appellate histories of the various cases included in this Court's September 20 dismissal order).

[6] For context, two orders entered by the Court of Appeals in *Al Ginco* on June 7, 2007, are included in Exhibit B. Petitioners in *al Hela* and *Hatim* argue that their position is supported by a comment made concerning the cited *Al Ginco* order in a recent decision by Judge Kessler in *Ruzathullah v. Gates*. According to Judge Kessler, the Court of Appeals decided not to vacate

effected by this Court because of activity in the Court of Appeals is simply incorrect.

     3. The basic purpose of the various motions filed to challenge this Court's dismissal orders, stated explicitly in some instances but at least implicit in all of the motions, appears to be to retain the effectiveness of the interlocutory protective order entered in these various cases. But asking a court to reinstate a case that is jurisdictionally defective for the purpose of resurrecting an order that does not resolve the merits of the case should be seen for what it is: circular and unwarranted. An order entered on an interlocutory basis during the pendency of a case does not survive dismissal of the case. *See Venezia v. Robinson*, 16 F.3d 209, 211 (7th Cir. 1994). Particularly here, where petitioners may file – and in several instances, have filed – a petition for relief in the Court of Appeals pursuant to the Detainee Treatment Act, and obtain the benefits of a protective order to replace the one that was effectively vacated by this Court's dismissal of these cases,[7] predicating a request for reinstatement of these cases on an interest in this Court's protective order would be inappropriate.

---

pre-transfer notice orders that were on appeal, somehow suggesting that the orders were not jurisdictionally suspect. But the very point of the Court of Appeals' order in *Al Ginco* was that it was up to the District Court to resolve the issues by ruling on respondents' dismissal motion (as the Court has done here). Such a dismissal would, of course, render an appeal of the notice orders functionally moot, as we demonstrate here. Indeed, the fact that the Court of Appeals views notice orders to be jurisdictionally inappropriate is demonstrated by that court's denial of relief with regard to a potential transfer in *See Hamlily v. Gates*, 07-1127 (D.C. Cir.) (attached as Exhibit C), as well as in *Zalita v. Bush*, No. 07-5129 (attached as Exhibit D). The Supreme Court also denied a motion for such relief in *Zalita*, No. 06A1005 (attached as Exhibit E).

     [7] Of course, petitioners' counsel explicitly agreed, as a condition for access to such information, that the Protective Order's non-disclosure requirements would survive termination of the litigation and remain forever binding. *See* 344 F. Supp. 2d 174, ¶ 17 & Exhibit B thereto (for access to classified information, counsel required to sign Memorandum of Understanding that nondisclosure requirements survive litigation); *id.* ¶ 35 & Exhibit C thereto (for access to protected information, counsel required to sign Acknowledgment that nondisclosure requirements survive litigation).

For the reasons discussed above, petitioners' recently filed motions which, although styled differently, all seek reconsideration of this Court's dismissal of these cases, should be denied.

Dated: October 4, 2007
Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DOUGLAS N. LETTER
Terrorism Litigation Counsel

   */s/ Andrew I. Warden*
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
JUDRY L. SUBAR (D.C. Bar 347518)
TERRY M. HENRY
JAMES J. SCHWARTZ
JEAN LIN
ROBERT J. KATERBERG
ANDREW I. WARDEN (IN Bar No. 23840-49)
NICHOLAS A. OLDHAM
JAMES C. LUH
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC 20530
(202) 514-2000